## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS


JOSEPH M. UMAN,

                    **Plaintiff,**

                                              **CIVIL ACTION**
          **vs.**                             **No. 08-3123-SAC**

BRET HOFFER, et al.,


                    **Defendants.**


### MEMORANDUM AND ORDER


This matter comes before the court on plaintiff's amended complaint (Doc. 16).

Because plaintiff is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim upon which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A (a) and (b). The court has conducted the initial screening and enters the following findings and order.

The complaint appears to involve two incidents: first, in late January 2008, plaintiff was suspected of the theft of a video camera from the Leavenworth Detention Facility operated by the Corrections Corporation of America. During the

investigation on January 28, he was placed in a single cell and then moved to a search cell. He alleges he was threatened and was denied a shower on that day. He also asserts that a family visit scheduled for January 30 was denied and that he was not allowed to contact his attorney by telephone.

Plaintiff's claims concerning the January 2008 investigation of the missing video camera do not state a claim for relief. First, generally, "the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." *Hewitt v. Helms*, 459 U.S. 450, 468 (1983). Certainly, officials had the authority to place plaintiff in a different cell during the investigation and search of his cell.

Next, while plaintiff claims he was threatened during this investigation, he does not allege that officials were physically abusive to him. Such verbal abuse, alone, does not state a constitutional claim. *See McBride v. Deer,* 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001)("verbal taunts" alone "do not violate the Eighth Amendment" (citation omitted)).

Likewise, the denial of plaintiff's request for a shower does not state a claim for relief, as the Constitution does not require a prison to provide a prisoner with a daily shower.

*Davenport v. DeRobertis*, 844 F.2d 1310, 1316 (7th Cir. 1988).

Finally, the decision to deny plaintiff a single visit with family members during the investigation does not offend the Constitution. "[R]estrictions on an inmate's telephone use, property possession, visitation and recreation privileges are not different in such degree and duration as compared with the ordinary incidents of prison life to constitute protected liberty interests under the Due Process Clause." *Marshall v. Morton*, 2011 WL 1549516, *6 (10th Cir. 2011).

Likewise, the denial of immediate access to plaintiff to a telephone to contact his attorney does not violate the Constitution. "[T]he Sixth Amendment does not require in all instances full and unfettered contact between an inmate and counsel." *Mann v. Reynolds,* 46 F.3d 1055, 1060 (10th Cir. 1995). Rather, "[t]he exact nature of telephone service to be provided to inmates is generally to be determined by prison administrators, subject to court scrutiny for unreasonable restrictions." *Robinson v. Gunja*, 92 F. App'x 624, 627-28 (10th Cir. 2004)(internal quotation omitted). Here, there was no emergency basis for telephone contact, and plaintiff had other means of communication with his attorney.

Accordingly, the court is considering the dismissal of all claims related to the January 2008 incidents.

The second event occurred in May 2008. Plaintiff alleges that a team was assembled to enter his cell and that he sustained a broken rib and broken finger, was subjected to a chemical agent that affected his vision for a few days, and was denied medical attention. He claims he was told he would receive treatment if he returned the missing video camera.

Plaintiff states that defendants Green, Robert, and Monroe "run a use of force" on him for no valid reason. He also claims that a false incident report was created to justify the use of the team. The court will direct plaintiff to supply additional information concerning the incident report, including whether he was found guilty of misconduct and whether any sanctions were imposed.

Finally, plaintiff will be directed to explain when medical attention was provided for his injuries.

### Conclusion

For the reasons set forth, the court directs plaintiff to show cause why the claims arising from the January 2008 incidence should not be dismissed and to supplement the complaint concerning the May 2008 incident.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including July 25, 2011, to respond to this order as directed. The failure to file a timely response may result in

the dismissal of this matter without additional prior notice.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 22nd day of June, 2011.


S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge