```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS


JOSEPH M. UMAN,

              Plaintiff,
                                      CIVIL ACTION
       vs.                            No. 08-3123-SAC

BRET HOFFER, et al.,


              Defendants.
```

## MEMORANDUM AND ORDER

This matter is a civil rights action filed by a prisoner in federal custody. All of the relevant events occurred during his detention in the Leavenworth Detention Center (LDC) operated by the Corrections Corporation of America in Leavenworth, Kansas.

By its order entered on June 22, 2011, the court notified plaintiff that it was considering the dismissal of all claims related to incidents arising in January 2008, when plaintiff was suspected of stealing a video camera from the LDC. Plaintiff filed a timely response.

The court has considered that response and the amended complaint and enters the following order.

The complaint includes two groups of claims, namely, a sequence of events in January 2008, when CCA officials placed

plaintiff into solitary confinement and restricted his access to showers, visitation, and contact with his attorney based upon their suspicion that he was involved in the theft of a camcorder belonging to the facility, and events in May 2008, when officials forcibly entered plaintiff's cell. Plaintiff claims he was injured during this entry and suffered a broken rib, a broken finger, and injury to his eyes caused by the use of pepper spray. He also claims he was denied medical attention for these injuries.

The court has carefully reviewed the complaint and concludes that no responsive pleading is necessary to address the claims arising from the events that occurred in January and February 2008.

First, to the extent plaintiff asserts that his conditions of confinement violated the Eighth Amendment, the complaint suggests only that plaintiff was placed in restrictive conditions that included solitary confinement, limited access to showers, and sleeping on a bare mattress for a short period. However, a deprivation is sufficiently serious to implicate the Eighth Amendment only if it "result[s] in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prisoner's conditions of confinement may be "restrictive and even harsh" without meeting

2

this benchmark.  *Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998).

Next, to the extent plaintiff asserts a First Amendment challenge to the cancellation of a family visit and restrictions on his ability to contact his attorney during a period of time, he does not state a claim for relief.  As set forth in the court's earlier order, the cancellation of a single family visit does not implicate a protected right.  Finally, plaintiff's inability to contact his attorney for a period of a few weeks does not state a claim for relief because plaintiff has not alleged that this impaired his ability to pursue a nonfrivolous legal claim.  *See Gee v. Pacheco,* 627 F.3d 1178, 1191 (10th Cir. 2010).  Rather, while plaintiff claims the restriction on contact between January 28, 2008, and March 10, 2008, ultimately led him to fire his attorney and caused harm to his federal case, this bare allegation does not state a claim for relief based upon actual injury.  The court notes that records of the criminal action show that plaintiff's attorney filed a motion to withdraw in December 2008, and plaintiff entered a guilty plea in the criminal action, with new counsel, in February 2009.[1]

Likewise, plaintiff's claim that his personal property was

---

[1] *U.S.A. v. Uman*, 06-20122-KHV.

taken during the search of his cell does not state a claim for relief. It is settled that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available. For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy." *Hudson v. Palmer,* 468 U.S. 517, 533 (1984). The CCA facility has a grievance procedure, and state law provides a tort remedy.

Finally, plaintiff claims that he was denied a shower for five days and that he was not allowed cleaning products. He also claims he was required to walk to the shower through a dirty cell and day room, which caused him to contract a fungal infection.

The court has considered this claim but concludes plaintiff does not state a claim for relief.

First, the denial of a shower for five days is not sufficient to state a claim for relief under the Eighth Amendment. *See Jones v. Houston,* 2007 WL 3275125, *8 (D.Neb.2007) (unpublished opinion) (the denial of a shower for 13 days did not

4

violate the Eighth Amendment); *McCoy v. Goord,* 255 F.Supp.2d 233, 260 (S.D.N.Y 2003)("a two week suspension of shower privileges does not suffice as a denial of basic hygiene needs"); *Roberts v. Snyder*, 2001 WL 655436, *5 (D.Del. 2001)(denial of shower for five days "did not deprive plaintiff of 'minimal civilized measure of life's necessities.'")(citation omitted).

Next, plaintiff's bare claim that he was not provided with cleaning supplies and limited bedding does not state a claim for relief. *See Estrada v. Kruse,*, 2002 WL 399204 (10th Cir. Mar. 15, 2002)(holding prisoner's claim of four nights and five days in a cold basement cell with only minimal clothing and bedding, and without personal hygiene items or cleaning supplies did not state a constitutional violation).

Finally, plaintiff's assertion that he contracted a fungal infection due to the allegedly poor sanitation fails to state a claim for relief.  Such claims have been rejected as speculative *See McCoy v. Kagel*, 2009 WL 331599, *3 (W.D. Okla. 2009)(rejecting as speculative plaintiff's claim that he contracted a viral infection because hygiene and cleaning supplies were not provided often enough during his confinement in jail).  Likewise, to the extent the claim may be read to assert that plaintiff was not provided adequate medical atten-

5

tion, the court rejects this contention because the complaint alleges only that he was not allowed to contact medical personnel "until[] plaintiff's medical condition became infected almost (1) month after incident arising 1-28-08" (Doc. 18, p. 3).

A prisoner states a claim for a violation of Eighth Amendment due to inadequate medical care by alleging facts showing deliberate indifference to a serious medical need. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Such deliberate indifference occurs when an official both knows of and disregards an excessive risk to the prisoner's health. *Farmer v. Brennan,* 511 U.S. 825, 827 (1994). Here, it appears clear that plaintiff was provided medical care for the infection.

In sum, the court has carefully examined the record and concludes plaintiff's claims arising in January and February 2008 fail to state a claim for relief. These claims will be dismissed.

The second group of claims arises from a May 19, 2008, use of force incident in which plaintiff alleges he suffered injuries including a broken rib and finger as well as visual difficulties caused by the use of a chemical agent. Plaintiff claims he was denied medical care and was told only that such care would be provided if he returned the video camera.

These claims are sufficient to state a claim for relief based upon a violation of the Eighth Amendment. Accordingly, the court will order a responsive pleading on these claims.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's claims arising from events in January and February 2008 are dismissed for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED a responsive pleading is ordered to address the plaintiff's claims that he was injured during a use of force and thereafter was denied medical care except upon the condition that he return a video camera.

IT IS FURTHER ORDERED the clerk of the court shall issue waivers to defendants Green, Roberts, Monroe, and Daugherty. All other defendants identified in the amended complaint are dismissed from this action.

Copies of this order shall be transmitted to the plaintiff and to defendants Green, Roberts, Monroe, and Daugherty.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 27th day of September, 2011.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge