IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH UMAN,

Plaintiff,

v.                                    CASE NO. 08-3123-SAC

KRISTIN MONROE, et al.,

Defendants.

MEMORANDUM AND ORDER

This matter is a civil action filed by a prisoner in federal custody. Defendants filed a motion to dismiss (Doc. 28), and plaintiff has filed no response.

Defendants seek dismissal on the grounds that plaintiff fails to state a claim for relief, that plaintiff fails to state a constitutional claim, and that plaintiff failed to exhaust available administrative remedies.

**Background**

During the relevant time period, plaintiff was a federal prisoner incarcerated in the Leavenworth, Kansas, detention facility operated by the Corrections Corporation of America (CCA).

Plaintiff claims he was subjected to cruel and unusual punishment by the defendants, all CCA employees.

**Discussion**

The present motion to dismiss is uncontested, and under the rules of this court, such a motion ordinarily will be granted

without further notice. D. Kan. R. 7.4(b). The court has examined the record and, for the reasons that follow, concludes this matter should be dismissed.

*Lack of jurisdiction*

Defendants assert the court lacks jurisdiction to consider plaintiff's claims, and they seek dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure. The federal courts are courts of limited jurisdiction, and, where a court determines that it lacks jurisdiction, it "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974).

The Supreme Court recently held that a *Bivens* remedy is not available to a prisoner seeking relief against the employees of a private prison. In *Minneci v. Pollard*, ___ U.S. ___, ___, 132 S.Ct. 617, 626, (U.S. Jan. 10, 2012), the Court stated:

> [W]here ... a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law ... the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case. *Id*.

The federal courts are courts of limited jurisdiction, and, where a court determines that it lacks jurisdiction, it "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th

Cir. 1974). As it is now clear that this court lacks jurisdiction to consider plaintiff's claims, this matter must be dismissed.

*Exhaustion of administrative remedies*

Defendants also seek dismissal on the ground that plaintiff failed to exhaust available administrative remedies.

A prisoner may not commence a federal lawsuit concerning prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The failure of a prisoner to exhaust administrative remedies is an affirmative defense, and the defendant has the burden of raising the defense and establishing that the inmate failed to exhaust available remedies. *See Tuckel v. Grover,* 660 F.3d 1249, 1254 (10th Cir.2011)(citing *Jones v. Bock,* 549 U.S. 199, 212 (2007)).

Defendants assert this defense, pointing out that while plaintiff states he filed grievances on January 1, 2008, and March 4, 2008, the incident giving rise to his claims of injury and inadequate medical attention did not occur until May 19, 2008. There is no evidence that plaintiff exhausted remedies after that date.

As noted, plaintiff did not respond to the motion to dismiss. The court has considered the materials filed by plaintiff and finds no evidence that he exhausted remedies before he commenced this action. When the failure to exhaust is clear, dismissal is appropriate. *See Aguilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir.2007)(district courts may dismiss a prisoner's complaint for failure to state a claim if it is clear from face of complaint that prisoner has not exhausted administrative remedies).

### Conclusion

For the reasons set forth, the court grants the defendants' uncontested motion to dismiss. Following the decision of the U.S. Supreme Court in *Minneci v. Pollard*, it is clear the court lacks jurisdiction to consider plaintiff's Eighth Amendment claims against the defendant CCA employees. It is likewise clear that defendants' affirmative defense concerning plaintiff's failure to exhaust administrative remedies would require dismissal of this matter.

IT IS, THEREFORE, BY THE COURT ORDERED defendants' motion to dismiss (Doc. 28) is granted. This matter is dismissed and all relief is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED:  This 14th day of February, 2012, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge